

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JAMES L. SLADE and TAMMY L. SLADE,<br>     Debtors. | BAP No. NC-25-1060-BSC<br><br>Bk. No. 23-10411-WJL<br><br>Adv. No. 23-01015-WJL |
| KORINNE CHADWELL, individually and as executor for the estate of James S. Robertson,<br>     Appellant,<br>v.<br>JAMES L. SLADE; TAMMY L. SLADE,<br>     Appellees. | **MEMORANDUM***  |

Appeal from the United States Bankruptcy Court
for the Northern District of California
William J. Lafferty, Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and CORBIT, Bankruptcy Judges.

Memorandum by Judge Brand

Dissent by Judge Corbit

## INTRODUCTION

Appellant Korinne Chadwell appeals an order awarding debtors James

and Tammy Slade their attorney's fees and costs after they prevailed on Ms.

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Chadwell's § 523(a)(2)(A)[1] nondischargeability action. Prepetition, the parties entered into three contracts regarding a property owned by Ms. Chadwell. Ms. Chadwell later prevailed against the Slades on an unlawful detainer action and was awarded possession, rental damages, attorney's fees, and costs. She then sought to have that debt held nondischargeable based on her allegation that the Slades fraudulently induced her to enter into the contracts. The Slades prevailed in the nondischargeability action and the bankruptcy court awarded the Slades their attorney's fees and costs for successfully defending against that action based on the fee provision in one of the contracts.[2] Seeing no reversible error, we AFFIRM.

## FACTS

**A.     The contracts and state court litigation**

In early 2018, the Slades were looking to buy a home and found the listing for Ms. Chadwell's house (the "Property"). The Slades were unable to qualify for a loan due to poor credit and Mrs. Slade's unverifiable "cash only" employment income. Still wanting to work out a deal, Ms. Chadwell's agent proposed that the parties enter into an option for purchase of the Property and a long-term lease agreement. This would allow the Slades to live in the Property while they repaired their credit in hopes of qualifying for a loan and exercising the option.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "CCP" references are to the California Code of Civil Procedure, and all "CCC" references are to the California Civil Code.

[2] The Slades also sought attorney's fees and costs under § 523(d), which the bankruptcy court denied. They do not raise this issue on appeal.

In March 2018, Ms. Chadwell and the Slades entered into three contracts for the Property: (1) a Purchase Agreement; (2) an Option; and (3) a four-year Lease running until May 1, 2022, which required the Slades to pay $2,000/month and all property taxes and insurance. Each contract contained similar fee provisions that provided for the recovery of reasonable attorney's fees and costs to the prevailing party "in any action, proceeding, or arbitration arising out of" the contract. The Lease, however, capped any fee and cost award at $1,000.

During the Lease term, the Slades were frequently late with rent, which caused Ms. Chadwell to serve several notices to pay rent or quit. The Slades did cure all delinquencies, at least until May 2022.

The Slades maintained that, in April 2022, they were finally approved for a loan and delivered notice to Ms. Chadwell stating their intent to exercise the Option. The Slades thought they had until June 1, 2022, to exercise the Option because they did not move into the Property until June 1, 2018. Ms. Chadwell took a contrary position that the Option expired on May 1, 2022. On May 2, 2022, Ms. Chadwell directed the title company handling the escrow not to release any documents to the Slades. The Slades tried to pay Ms. Chadwell rent for the month of June 2022, but she refused to accept it.

The Slades attempted to compel arbitration over the Option term and recorded a lis pendens against the Property. The lis pendens was later ordered expunged and Ms. Chadwell was awarded $2,340 in statutory attorney's fees and costs. While that matter was pending, the Slades were

living in the Property without paying rent. Ms. Chadwell served the Slades with a three-day notice to pay rent or quit and filed a separate unlawful detainer action to regain possession of the Property. She obtained a writ of possession and later a judgment against the Slades for $53,860.17, which included attorney's fees and costs of $26,334.00 (the "Judgment").

**B.     The adversary proceeding and fee motion**

After the Slades filed their chapter 7 case, Ms. Chadwell sought to have the Judgment excepted from their discharge under § 523(a)(2)(A). She alleged that the Slades fraudulently induced her to enter into the Purchase Agreement, Option, and Lease and continued to falsely represent that they could secure financing to purchase the Property, when in reality they had no intent to repair their credit to do so. Ms. Chadwell alleged that the Slades intended to gain possession of the Property, enjoy below-market rent, and stay there as long as they could. Ms. Chadwell alleged that she was damaged by having to file an unlawful detainer action to evict them. She requested attorney's fees and costs "under the applicable terms" of the Purchase Agreement, Option, and Lease, and attached all three contracts to her complaint.

The Slades countered that Ms. Chadwell knew about their poor credit, and they denied telling her or the agent that they had secured financing before entering into the contracts. If they had the necessary funds or good credit at that time, they argued, they would have simply purchased the Property. The Slades maintained that the sole purpose of the Option and

4

Lease was to give them time to improve their credit to qualify for a loan and purchase the Property.

After cross-motions for summary judgment, the bankruptcy court found in favor of the Slades on Ms. Chadwell's § 523(a)(2)(A) fraud claim. The Slades, as the prevailing party, then sought to recover attorney's fees and costs of $37,980 under the fee provisions in the Purchase Agreement and Option and CCP §§ 1021 and 1032. They argued that the broad language in the fee provisions encompassed the § 523(a)(2)(A) fraud claim. Ms. Chadwell countered that the § 523(a)(2)(A) action was not an action "on the contract" that would trigger the fee provisions. Rather, she argued, the only issue was whether the Judgment was dischargeable; the bankruptcy court did not have to interpret or determine the validity of the contracts to decide that. Ms. Chadwell further argued that CCP §§ 1021 and 1032 did not apply in post-judgment enforcement proceedings. Once the Judgment was entered, she argued, all further contractual rights, including the attorney fee provisions, were extinguished. Consequently, the contracts could not provide a basis for the Slades to recover fees.

The bankruptcy court granted the Slades' fee motion and awarded them their requested attorney's fees and costs under the fee provision in the Option and CCP § 1021. The court surmised that the state court must have relied on the Option when awarding Ms. Chadwell $26,334.00 in attorney's fees and costs in the Judgment, since the Lease capped such awards at $1,000. Because of this, the court said it would not rely on the Lease fee provision and limit

5

the Slades' award to $1,000. Indeed, Ms. Chadwell alleged in her complaint an entitlement to fees based on the fee provisions in all three contracts if she prevailed.

This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in awarding the Slades attorney's fees and costs?

## STANDARDS OF REVIEW

We review the bankruptcy court's decision regarding an award of attorney's fees and costs for an abuse of discretion. *Redwood Theaters, Inc. v. Davison (In re Davison)*, 289 B.R. 716, 720 (9th Cir. BAP 2003) (fee award under California law). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

If the issue is whether state law allows the award of attorney's fees, our review is de novo. *Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 783 (9th Cir. BAP 2011) (citation omitted). Under de novo review, we give no deference to the bankruptcy court's decision. *Allen v. U.S. Bank, N.A. (In re Allen)*, 472 B.R. 559, 564 (9th Cir. BAP 2012).

## DISCUSSION

**A.  The bankruptcy court did not err in awarding the Slades attorney's fees and costs.**

### 1.  Applicable attorney fee law

There is no general right to attorney's fees in adversary proceedings and contested matters in bankruptcy. *See Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). Bankruptcy courts, however, may award fees in § 523 actions where authorized by state law. *See Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998); *In re Baroff*, 105 F.3d at 441.

The bankruptcy court awarded the Slades their attorney fees and costs under CCP § 1021. Ms. Chadwell argues this was error, that a prevailing party can recover attorney fees under that statute only if the action was "on the contract," and a nondischargeability action is not on the contract.

We agree that the nondischargeability action under § 523(a)(2)(A) was not an action on the contract. The bankruptcy court did not have to interpret or determine the validity or enforceability of the contracts to decide the one issue before it: whether the Slades fraudulently induced Ms. Chadwell to enter into the three contracts. Clearly, the court resolved a tort claim. *See Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1126-27 (9th Cir. 1996) (holding that a § 523(a)(2)(A) fraud claim was not an action on the contract because the bankruptcy court did not need to determine "the enforceability" of the contract to decide dischargeability); *see also Stout v. Turney*, 22 Cal. 3d 718, 730 (1978) (holding that a "tort action for fraud arising

out of a contract is not . . . an action 'on a contract' within the meaning" of CCC § 1717[3]).

However, we disagree with Ms. Chadwell that CCP § 1021 only authorizes attorney's fees on a contract. The law is clear that CCP § 1021, which permits recovery of attorney's fees by agreement between the parties, is not limited to actions on a contract. Specifically, it provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." CCP § 1021 must be read in conjunction with CCP §§ 1032 and 1033.5, which together provide that a prevailing party is entitled to recover "costs" in any action or proceeding, and attorney fees authorized by contract are allowable as "costs." CCP §§ 1032(b) & 1033.5(a)(10)(A).

CCP § 1021 allows the parties to agree that the prevailing party may recover attorney's fees whether the litigation sounds in contract or in tort. *3250 Wilshire Boulevard Bldg. v. W.R. Grace & Co.*, 990 F.2d 487, 489 (9th Cir. 1993) (holding that where attorney's fees are not recoverable for a noncontract action under CCC § 1717, they may be recoverable under CCP § 1021); *Hamilton v. Charalambous (In re Charalambous)*, BAP No. CC-13-1042-PaDKi, 2013 WL 3369299, at *6 (9th Cir. BAP July 3, 2013) (holding that CCP §§ 1021, 1032 and 1033 "make clear" that attorney's fees may be recoverable by a

---

[3] CCC § 1717 provides generally that, where a contract provides for only one party to recover attorney's fees and costs incurred to enforce that contact, the other party, should they prevail, may also recover its attorney's fees and costs.

8

prevailing party in disputes sounding in either tort or contract); *Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 751 (2017) (same).

**2.      The contractual fee provisions encompassed tort claims and fees could be recoverable under CCP § 1021.**

To determine whether a prevailing party may recover attorney's fees under CCP § 1021 for tort claims like fraud, courts look to the language of the contract between the parties to determine the extent of attorney's fees covered. *3250 Wilshire Boulevard Bldg.*, 990 F.2d at 489; *In re Davison*, 289 B.R. at 724 (stating that courts "look to the language of the agreement to determine whether an award of attorney's fees is warranted in a tort action."); *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1342 (1992).

All three contracts contain the same pertinent language, that the prevailing party shall recover reasonable attorney's fees and costs "in any action . . . arising out of" the contract. Such broad language has been interpreted by California courts to include tort actions, including an action for fraud. *See Santisas v. Goodin*, 17 Cal. 4th 599, 607-08 (1998) (real estate transaction; holding that agreement for fees for "legal action . . . arising out of the execution of this agreement or the sale" covered tort claims); *Lerner v. Ward*, 13 Cal. App. 4th 155, 159-160 (1993) (real estate transaction; holding that plaintiffs, although having dismissed their contract claim so that fees were not recoverable under CCC § 1717, could recover fees for their successful fraud claim under CCP § 1021 because the contract provided for fees to the prevailing party on any action "arising out of the agreement");

9

*Xuereb*, 3 Cal. App. 4th at 1342-43 (real estate transaction; holding that contract providing for fees "in any lawsuit or other legal proceeding to which this Agreement gives rise" was broad enough to cover tort claims).[4]

For a tort cause of action to "arise out of a contract" within the meaning of an attorney's fee provision, it must be dependent on the basic contractual arrangement and arise from the underlying transaction contemplated by the contract. *See Xuereb*, 3 Cal. App. 4th at 1343-44; *see also Lerner*, 13 Cal. App. 4th at 158-161 (finding that tort cause of action for fraudulent representation arose out of the real estate purchase agreement). Here, the contracts provided the context out of which the fraud dispute arose. Ms. Chadwell alleged that the Slades made false representations about their finances and ability to obtain a loan on which she relied prior to signing the contracts. She further alleged that the Slades induced her to enter into the contracts with their false representations, and that she would not have entered into them had the

---

[4] Ms. Chadwell misinterprets *Davison* to support her position, arguing that the BAP held in that case that fees were not recoverable under CCP § 1021 in the § 523(a)(2)(A) action because the action did not involve a contract claim. What Ms. Chadwell overlooks is that the fee provision in *Davison* contained the limiting language: "If any action at law or in equity, or any arbitration, is necessary *to enforce or to interpret the terms of this Agreement . . . .*" 289 B.R. at 724-25 (emphasis added). CCP § 1021 is not a basis for recovering attorney's fees in a tort action if the fee provision limits awards to actions to "enforce" or to "interpret" a contract. *See Sharma v. Salcido (In re Sharma)*, BAP No. CC-12-1520-MkTaMo, 2013 WL 1987351, at *18 (9th Cir. BAP 2013) (holding that suit to "enforce or interpret" a settlement agreement was not broad enough to cover fees in a § 523(a)(2)(A) action for fraud in the inducement of the settlement agreement), *aff'd*, 607 F. App'x 713 (9th Cir. 2015); *Xuereb*, 3 Cal. App. 4th at 1342-43 (holding that a prevailing party cannot recover fees on tort claims under a contractual provision authorizing fees incurred in an action to "interpret" or "enforce" the contract). The contracts here do not contain such limiting language.

Slades disclosed certain facts prior to signing. In short, but for the parties' relationship via the contracts, there would be no fraud. *See id.* We conclude that the fee provisions are broad enough to encompass tort actions like the § 523(a)(2)(A) fraud claim, and the bankruptcy court did not err in so concluding.

Ms. Chadwell argues that the bankruptcy court erred by relying on the fee provision in the Option to award fees. She contends that the Lease was the operative contract because the Judgment was based on the Lease, which caps fee and cost awards at $1,000.[5] She further argues that the Slades could not recover attorney's fees and costs under any of the contracts because the Judgment extinguished all further contractual rights, including the attorney fee provisions. Ms. Chadwell argues that, since she was the prevailing party on the contract in the unlawful detainer action, the Slades cannot be the prevailing party on the same, now-merged, and extinguished contract. In support, she cites some California appellate court cases holding generally that when a judgment is entered on a contract that includes an attorney fees and costs provision, the judgment extinguishes all further contractual rights,

---

[5] Ms. Chadwell also argues that the Slades were barred from recovering attorney's fees and costs because they failed to meet the mediation requirement in Paragraph 22A in the Purchase Agreement and in Paragraph 42A in the Lease. Besides the fact Ms. Chadwell never raised this argument before the bankruptcy court, it fails in any event. Paragraphs 22B and 42B, respectively, exclude from the mediation requirement "any matter that is within the jurisdiction of a . . . bankruptcy court." Unlawful detainer actions are also excluded. As for the Option, it states that the same dispute resolution process provided for in the Purchase Agreement applies. So, the Option too does not require mediation for bankruptcy or unlawful detainer matters.

including the contractual fee provision. *See Jaffe v. Pacelli*, 165 Cal. App. 4th 927, 934 (2008) (quoting *Berti v. Santa Barbara Beach Props.*, 145 Cal. App. 4th 70, 77 (2006)). *See also Coughlin v. Blair*, 41 Cal. 2d 587, 598 (1953) (noting that when a breach of contract claim has been reduced to a final judgment, all prior contractual rights merge into and are extinguished by the monetary judgment, and the prevailing party has only those rights under the judgment).

The problem with Ms. Chadwell's argument is that her unlawful detainer action was not an action "on the contract" – i.e., breach of the Lease. It was an action in tort. She admitted as much in her argument opposing an award of attorney's fees to the Slades under § 523(d). In arguing that the Judgment was not a consumer debt, Ms. Chadwell asserted that the Slades had incurred the Judgment debt "as a result of squatting on the Property after the [L]ease expired," and that the unlawful detainer action was a "claim arising in tort" because it was an action to evict "a holdover tenant." In California, "if an unlawful detainer action is based on an alleged breach of the lease during an *unexpired* term (e.g., nonpayment of rent, improper use of the premises), then it is an action sounding in contract. If an unlawful detainer is brought *to oust a holdover tenant following expiration of a lease*, then the action is premised on tortious conduct (e.g., trespass), and it is an action sounding in tort." *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.*, 158 Cal. App. 4th 479, 486 (2007) (emphasis added) (citing *Drybread v. Chipain Chiropractic Corp.*, 151 Cal. App. 4th 1063, 1075 (2007) (holding that plaintiffs'

12

unlawful detainer action sounded in tort because it sought to oust holdover defendant after lease had expired, and awarding the prevailing defendant attorney's fees and costs under CCP § 1021, 1032 and 1033.5(a)(10) based on contractual fee provision that encompassed torts)). Because the unlawful detainer action was not an action on the contract, California case law which provides for the extinguishment of a contract upon entry of a judgment for breach of that contract is not relevant here.

However, even if the unlawful detainer action was based on the Lease, Ms. Chadwell does not explain why the fee provisions in either the Option or the Purchase Agreement were extinguished, since neither of those contracts was at issue there. Her conduct also defies her argument. In her § 523(a)(2)(A) action, Ms. Chadwell alleged that she was fraudulently induced to enter into all three contracts, and she sought to recover her attorney's fees under all three had she prevailed. Hence, she thought the fee provisions were viable, at least until she lost.[6] Ms. Chadwell's focus on the basis for the Judgment is also the wrong approach. The Judgment was merely the measure of damages for her § 523(a)(2)(A) fraud action. The adversary proceeding sought a nondischargeability determination for fraudulent inducement to enter into three contracts – a tort claim. The fee provisions agreed to by the parties were broad enough to cover that tort claim, and the Slades were the prevailing

---

[6] Ms. Chadwell argues that the Option could not have provided a basis for attorney's fees because it expired prior to the litigation. She cites no authority for this proposition. It also begs the question why she sought fees under all three contracts if this is truly her belief.

party in that action.[7] Consequently, the bankruptcy court did not abuse its discretion in awarding them their reasonable attorney's fees and costs as "costs" under CCP §§ 1021, 1032, and 1033.5(a)(10).

## CONCLUSION

For the reasons stated above, we AFFIRM.

Dissent begins on the next page.

---

[7] CCP § 1032(a)(4) defines a "prevailing party" as, among other things, "a defendant as against those plaintiffs who do not recover any relief against that defendant."

14

Corbit, Bankruptcy Judge, dissenting:

I agree with the majority that there is no general right to attorney fees in adversary proceedings. I also agree that fees can be awarded pursuant to an applicable statute. However, for two reasons, no statute authorized the bankruptcy court's award of fees to the Slades.

First, the Bankruptcy Code does not provide for fees in this case. The Code provides that fees may be awarded to the Slades if a court finds the complaint against them was not substantially justified. *See* § 523(d). However, that predicate does not exist here. The bankruptcy court's order on appeal was based on the "reasons set forth on the record" and the transcript of the oral ruling reveals the court found "substantial justification for the filing of the complaint."[8]

Second, CCP § 1021, which provides that parties may contractually agree to an award of attorney fees, does not provide a basis for the bankruptcy court's award of $37,980 of fees and costs to the Slades for defending a nondischargeability complaint. While an attorney's fee provision appears in the Option, Purchase Agreement, and the Lease, the sole operative document in the bankruptcy nondischargeability action was the Lease. Significantly, the Lease provides that an award for fees and costs cannot exceed $1,000.[9]

---

[8] This finding was not challenged on appeal.

[9] The Lease does not incorporate the terms of the Option or Purchase Agreement.

15

The Slades' failure to pay rent pursuant to the Lease was the basis for the Judgment of $53,860.17—a sum that includes $26,334.00 for attorney's fees and costs. Ms. Chadwell sought to except the entire Judgment from the Slades' discharge, not the separate judgment resolving the dispute about when the Option terminated.[10] Moreover, the unlawful detainer litigation occurred more than one year after the Option had terminated and therefore the Option's attorney's fees provision was inapplicable.[11]

The majority asserts that the bankruptcy court "surmised" that the state court relied upon the Option when the state court disregarded the Lease's $1,000 limit on attorney's fees. Even if the majority's assertion is correct, the state court's mistaken application of the Option attorney's fee provision— instead of the Lease's attorney's fee provision—is not binding on the bankruptcy court because the issues before the state court and the bankruptcy court are not identical.

For the doctrine of issue preclusion to apply, the issue before two courts must be identical. *See Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 462 (9th Cir. BAP 2015). In this case, the issue before the state court was whether attorney's fees could be awarded to Ms. Chadwell in connection

---

[10] The unlawful detainer Judgment was entered in Superior Court Case No. CV 2201729. Issues related to the Option were raised in a separate case: Superior Court Case No. CV 2200765. In both cases, Ms. Chadwell was awarded attorney's fees and costs. However, the relief requested in the complaint for nondischargeability was based solely on the unlawful detainer Judgment award of $53,860.17, entered in Case No. CV 2201729. The relief requested in the complaint for nondischargeability did not include the Option judgment of $2,340.00, entered in Case No. CV 2200765.

[11] The Option terminated on May 1, 2022.

with evicting the Slades from the leased property. By contrast, the issue before the bankruptcy court was whether attorney's fees could be awarded to the Slades for successfully defending against the complaint for nondischargeability.

Moreover, the Slades only contested the action related to the Option. The order providing for the fees to Ms. Caldwell in Superior Court Case No. CV 2201729, which was the unlawful detainer action, specifically provided that the Slades "failed to respond to the motion or appear."

Because the bankruptcy court found that Ms. Chadwell's complaint was substantially justified, and because the sole operative contract—the Lease—limits an award for attorney fees and costs to $1,000, the bankruptcy court's attorney fee award of $37,980 to the Slades is reversible error. For these reasons, I respectfully dissent.